Debra I. Grassgreen (CA Bar No. 169978)
Malhar S. Pagay (CA Bar No. 189289)
James K.T. Hunter (CA Bar No. 73369)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067
Telephone: 310/277-6910
Facsimile: 310/201-0760
E-mail: jhunter@pszjlaw.com

Attorneys for Plaintiff Richard M. Pachulski, Chapter 11
Trustee for the Bankruptcy Estate of Layfield & Barrett, APC

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>LAYFIELD & BARRETT, APC,<br><br>Debtor. | Case No.: 2:17-bk-19548-NB<br><br>Chapter 11 |
| RICHARD M. PACHULSKI, Chapter 11 Trustee for the bankruptcy estate of Layfield & Barrett, APC,<br><br>Plaintiff,<br><br>vs.<br><br>GRACE WATSON, an individual, and DOES 1 through 3,<br><br>Defendants. | Adv. Case No.: 2:19-ap-_____-NB<br><br>**COMPLAINT FOR AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS** |

Plaintiff, Richard M. Pachulski, in his capacity as the Chapter 11 Trustee of the bankruptcy estate of Layfield & Barrett, APC ("Plaintiff" or the "Trustee"), alleges as follows:

## JURISDICTION AND VENUE

1.    The Court has jurisdiction over this complaint pursuant to 28 U.S.C. § 157 and § 1334, and venue in this district is proper pursuant to 28 U.S.C. § 1409.

2.    This adversary proceeding is commenced pursuant to Rule 7001(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and all claims set forth herein are core proceedings under 28 U.S.C. § 157(b)(2)(F). The Trustee confirms his consent pursuant to Local

DOCS_LA:316695.1 51414/001

1   Bankruptcy Rule 9013-1(f) to the entry of a final order by the Court in connection with the claims

2   set forth herein to the extent that it is later determined that the Court, absent the consent of the

3   parties, cannot enter final orders or judgments in connection herewith consistent with Article III of

4   the United States Constitution.

5       3.      The bases for the relief requested herein are 11 U.S.C. §§ 547 and 550 and

6   Bankruptcy Rule 7001.

## THE PARTIES

8       4.      Plaintiff, Richard M. Pachulski, is the duly appointed and acting Chapter 11 Trustee

9   of the bankruptcy estate of Layfield & Barrett, APC ("L&B" or the "Debtor"), in the above-

10  captioned bankruptcy case pending in the United States Bankruptcy Court for the Central District of

11  California (the "Bankruptcy Court"), assigned case number 2:17-bk-19548-NB (the "Bankruptcy

12  Case").

13      5.      Plaintiff is informed and believes, and based thereon alleges, that Defendant Grace

14  Watson ("Watson") is an individual who currently is, and at all relevant times was, a resident of the

15  County of Los Angeles, State of California.

16      6.      Plaintiff is informed and believes, and based thereon alleges, that Does 1 through 3

17  were either the immediate or mediate transferee of one or more of the preferential transfers

18  hereinafter alleged and/or alter ego of an immediate or mediate transferee of one or more of such

19  preferential transfers.  The true names the defendants named herein as Does 1 through 3 are

20  unknown to Plaintiff, who therefore sues such defendants by such fictitious names.  Plaintiff will

21  amend this Complaint to show their true names when the same have been ascertained.

## BACKGROUND FACTS

23      7.      L&B was a professional law corporation with offices in a number of states, including

24  California, Utah and Arizona.

25      8.      On August 3, 2017 (the "Petition Date"), petitioning creditors The Dominguez Firm

26  ("TDF"), Nayazi Reyes and Maria A. Rios (the "Petitioning Creditors") filed an involuntary petition

27  for relief under chapter 7 of the Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy

28  Code"), against the Debtor in the Bankruptcy Court.  Pursuant to section 541(a) of the Bankruptcy

*(left margin, vertical text)* PACHULSKI STANG ZIEHL & JONES LLP / ATTORNEYS AT LAW / LOS ANGELES, CALIFORNIA

2

DOCS_LA:316695.1 51414/001

well

Code, the commencement of the Bankruptcy Case "creates an estate ... comprised of ... all legal or equitable interests of the debtor in property ...," including, without limitation, all of a debtor's claims, litigation rights and "property that the trustee recovers under section ... 550" of the Bankruptcy Code (collectively, the "Bankruptcy Estate"). 11 U.S.C. §§ 541(a)(1), (3).

9.      That same day, the Petitioning Creditors filed an *Emergency Motion for Appointment of an Interim Trustee Under 11 U.S.C. § 303(g) and Granting Emergency Relief* (the "Trustee Motion"). In the Trustee Motion, the Petitioning Creditors asserted, among other allegations, that L&B clients' "[s]ettlement proceeds have not been distributed and may no longer exist, vendors and other creditors have not been paid and clients are effectively unrepresented in some 80 pending cases," and that, consequently, the appointment of a trustee is "essential to protect and preserve property of the ... estate and to prevent concealment, waste, loss or conversion of the assets of the estate ...."

10.      In response to the Trustee Motion, L&B, filed a *Motion to Convert Case Under 11 U.S.C. §§ 706(a) or 1112(a)* on August 8, 2017 (the "Conversion Motion"), seeking to convert the Bankruptcy Case to one under chapter 11 of the Bankruptcy Code. The Bankruptcy Court entered orders granting the Conversion Motion, and denying the Trustee Motion.

11.      On August 16, 2017, L&B, Petitioning Creditors, and secured creditor, Advocate Capital, Inc. ("Advocate Capital"), entered into a *Stipulation for the Appointment of a Chapter 11 Trustee*, which the Bankruptcy Court approved by order on August 17, 2017.

12.      On August 21, 2017, the United States Trustee (the "UST") filed its *Notice of Appointment of Chapter 11 Trustee*, appointing Plaintiff Richard M. Pachulski as Chapter 11 Trustee in the Bankruptcy Case. Also on August 21, 2017, the UST filed an *Application for Order Approving Appointment of Chapter 11 Trustee*, which application was granted by the Bankruptcy Court's order entered the following day.

13.      On August 28, 2017, Plaintiff filed his *Acceptance of Appointment as Chapter 11 Trustee* in the Bankruptcy Case.

DOCS_LA:316695.1 51414/001

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

## THE SUBJECT TRANSFERS

14.    Plaintiff is informed and believes, and based thereon alleges, that Watson was a creditor of L&B.

15.    Plaintiff is informed and believes, and based thereon alleges, that during the 90-day period prior to the commencement of L&B's bankruptcy case (the "Preference Period"), The Homampour Law Firm, for and at the direction of L&B in satisfaction of L&B's debt owed to Watson, transferred funds then due and owing to, and the property of, L&B to Watson on June 26, 2017 in the amount of $151,302.53 via wire transfer (the "Transfer").

## I.

## FIRST CAUSE OF ACTION

## (For Avoidance of Preferential Transfer

## Pursuant to 11 U.S.C. § 547(b) Against Watson and Does 1 through 3)

16.    Plaintiff refers to and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 15, above.

17.    Plaintiff is informed and believes, and based thereon alleges, that during the Preference Period, Watson was a creditor of L&B.

18.    Plaintiff is informed and believes, and based thereon alleges, that the Transfer was made to or for the benefit of Watson and Does 1 through 3.

19.    Plaintiff is informed and believes, and based thereon alleges, that Transfer was made for or on account of an antecedent debt owed by L&B to Watson.

20.    Plaintiff is informed and believes, and based thereon alleges, that the Transfer was made during the Preference Period.

21.    Plaintiff is informed and believes, and based thereon alleges, that the Transfer was made while L&B was insolvent.

22.    Plaintiff is informed and believes, and based thereon alleges, that the Transfer enabled Watson and Does 1 through 3 to receive more than Watson and Does 1 through 3 would have received if (i) L&B's chapter 11 case was instead a case under chapter 7 of the Bankruptcy Code; (ii) the transfer and/or payment had not been made; and (iii) Watson and Does 1 through 3

4

1  received payment on account of the debt paid by the Transfer to the extent provided by the

2  Bankruptcy Code.

3    23.    Plaintiff is informed and believes, and based thereon alleges, that the Transfer

4  constitutes an avoidable preference pursuant to section 547(b) of the Bankruptcy Code.

5                                    **II.**

6                      **SECOND CAUSE OF ACTION**

7                      **(For Recovery of Avoided Transfer**

8      **Pursuant to 11 U.S.C. § 550 Against Watson and Does 1 through 3)**

9    24.    Plaintiff refers to and incorporates herein by reference each and every allegation

10  contained in Paragraphs 1 through 23, above.

11    25.    Plaintiff is informed and believes, and based thereon alleges, that each of Watson and

12  Does 1 through 3 was either (i) the initial transferee of the Transfer, (ii) the entity for whose benefit

13  the Transfer was made, or (iii) an immediate or mediate transferee of the Transfer.

14    26.    Plaintiff is informed and believes, and based thereon alleges, that the Transfer is

15  recoverable pursuant to section 550 of the Bankruptcy Code and that Plaintiff is entitled to recover

16  the value of the Transfer from each and all of Watson and Does 1 through 3 pursuant to section

17  550(a) of the Bankruptcy Code.

18

19

20

21

22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DOCS_LA:316695.1 51414/001

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for judgment in each cause of action as follows:

1.      Pursuant to the First and Second Causes of Action, enter judgment in favor of Plaintiff and against Watson and Does 1 through 3 under sections 547 and 550 of the Bankruptcy Code and allow Plaintiff to avoid and recover the Transfer in the amount of $151,302.53;

2.      Award Plaintiff prejudgment interest at the legally allowed applicable rate;

3.      Award Plaintiff's costs and expenses of suit herein; and

4.      Grant Plaintiff such other and further relief as the Court deems just and appropriate.

Dated: January 24, 2019                    PACHULSKI STANG ZIEHL & JONES LLP


                                           */s/ James K.T. Hunter*
                                           James K.T. Hunter

                                           Attorneys for Plaintiff Richard M. Pachulski, Chapter 11 Trustee for the bankruptcy estate of Layfield & Barrett, APC

6

DOCS_LA:318825.1 51414/001